IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOSEPH STRICKLAND,
      Petitioner,

vs.                                        Case No.:  5:13cv248/RS/EMT

N.C. ENGLISH,
      Respondent.
_____/

## REPORT AND RECOMMENDATION

      This case is before the court on Petitioner's amended habeas petition and addendums/supplements thereto, filed pursuant to 28 U.S.C. § 2241 (docs. 6, 7, 8, 9).  The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that the petition should be dismissed for lack of jurisdiction.

I.      BACKGROUND[1]

      On October 26, 2006, a federal grand jury in the District Court for the Middle District of Florida returned a six-count indictment in Case No. 8:06-cv-443-T-26MAP, charging Petitioner with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(e), based upon prior qualifying convictions of resisting an officer with violence, sale or delivery of cocaine (two

---

[1] The background of this case will sound familiar to District Judge Smoak, because it was set forth in the Report and Recommendation issued by the undersigned last month, on July 3, 2013, in <u>Strickland v. English</u>, Case No. 5:13cv101/RS/EMT.  Petitioner filed the instant habeas action, pursuant to the prison mailbox rule, on the same day he filed an objection to the Report and Recommendation in Case No. 5:13cv101/RS/EMT.  Petitioner then withdrew his objection, and District Judge Smoak adopted the Report and Recommendation on July 15, 2013, dismissing Petitioner's § 2241 petition for lack of jurisdiction.  That same day, the undersigned issued an order in the instant case, advising Petitioner that the case would not proceed unless he paid the filing fee or filed a motion to proceed in forma pauperis (doc. 3).  In hindsight, the undersigned should have consolidated the cases.

counts), and possession of cocaine with intent to sell, manufacture or deliver, all from the Twelfth Judicial Circuit Court in and for Sarasota County, Florida.[2]  Petitioner was also charged with a number of counts involving distribution and possession with intent to distribute cocaine or cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii), and 841(b)(1)(C), and possession of marijuana in violation of 21 U.S.C. § 844(a).  On January 30, 2007, Petitioner signed a written plea agreement ("Plea Agreement") pursuant to which he agreed to plead guilty to one count of possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count One), and one count of possession of five (5) grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii) (Count Two). The Plea Agreement provided that at the time of sentencing, the remaining counts against Petitioner, Counts Three, Five, and Six, would be dismissed.[3]  Pursuant to the Plea Agreement, Petitioner agreed that Count One carried a mandatory minimum sentence of not less than fifteen (15) years of imprisonment and a maximum of life, and a term of supervised release of not more than five (5) years, and that Count Two carried a mandatory minimum sentence of not less than five (5) years and a maximum of not more than forty (40) years of imprisonment, and a term of supervised release of not more than four (4) years (*id.*).  Additionally, by signing the Plea Agreement, Petitioner admitted the following facts:

> At the time of the events set forth in the indictment, the defendant, Joseph L. Strickland, had been convicted of the following crimes punishable by imprisonment for a term exceeding one year:  Resisting an Officer with Violence, in the Twelfth Judicial Circuit Court in and for Sarasota County, Florida, in Case Number 2003-CF-012137 on or about March 9, 2004; Sale or Delivery of Cocaine (Two Counts), in the Twelfth Judicial Circuit Court in and for Sarasota County, Florida, in Case Number 2003-CF-012973 on or about March 9, 2004; and Possession of Cocaine with [I]ntent to Sell, Manufacture or Deliver, in the Twelfth Judicial Circuit Court in and for Sarasota County, Florida, in Case Number 2003-CF-008404 on or about March 15, 2004.

The  district court accepted Petitioner's guilty plea on January 31, 2007.

---

[2] For the sake of simplicity, citations to the record have been omitted from the Background section in this case.  The record citations may be found in the Report and Recommendation in Case No. 5:13cv101/RS/EMT (doc. 15), which District Judge Smoak adopted with no objection from Petitioner.

[3] Petitioner was not charged in Count Four.

On April 16, 2007, Petitioner's counsel filed a sentencing memorandum agreeing that Petitioner's sentence would be enhanced, both as a career offender pursuant to § 4B1.1 of the United States Sentencing Guidelines ("USSG") and an armed career criminal pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA").  Petitioner's counsel agreed that Petitioner faced a USSG range of 188–235 months of imprisonment, as set forth in the Presentence Investigation Report ("PSR").  The Government filed a substantial assistance motion, which the sentencing court granted at Petitioner's sentencing hearing on April 20, 2007, resulting in a final guideline range of 168–210 months of imprisonment.  The court sentenced Petitioner to concurrent terms of one hundred sixty-eight (168) months of imprisonment, followed by concurrent terms of five (5) years of supervised release.  Petitioner did not appeal.

On March 4, 2008, Petitioner filed a motion for a § 3582 sentence reduction based upon Amendments 706 and 709 of the USSG.  *See* Strickland v. United States, Case No. 8:06-cr-443-T-26MAP, Motion (M.D. Fla. Mar. 4, 2008).  The district court denied the motion on the ground that Petitioner was not eligible for a sentence reduction, because he was properly classified as a career offender and an armed career criminal.  *See Id.*, Order (M.D. Fla. Nov. 12 2008).

On August 10, 2009, Petitioner filed a "Petition for Extraordinary Writ of Error Coram Nobis, and/or Any Other Extraordinary Vehicle Necessary for the Sought After Relief Pursuant to 28 U.S.C. § 1651(a)."  *See* Strickland v. United States, Case No. 8:06-cr-443-T-26MAP, Petition (M.D. Fla. Aug. 10, 2009).  Petitioner raised three claims:  (1) prosecutorial misconduct at sentencing, (2) ineffective assistance of counsel for failing to file an appeal, and (3) ineffective assistance of counsel for failing to object to use of prior conviction for resisting arrest with violence as qualifying offense for ACCA enhancement under § 924(e).  *Id.*  The district court construed the petition as a motion to vacate sentence under 28 U.S.C. § 2255, and denied it as time-barred.  *See Id.*, Order (M.D. Fla. Aug. 11, 2009).  The Eleventh Circuit denied Petitioner's motion for a certificate of appealability.  *See Id.*, USCA Order (11th Cir. Apr. 1, 2010).

On October 19, 2009, Petitioner filed a "Petition to Recall, Void, or Modify Judgment Pursuant to Writ of Audita Querela, or in the Alternative Pursuant to Fed. R. Crim. P. 2, or the All Writs Act Pursuant to 28 U.S.C. § 1651(a)," in which he argued his prior conviction for resisting arrest with violence was not a qualifying conviction for purposes of ACCA enhancement.  *See*

Strickland v. United States, Case No. 8:06-cr-443-T-26MAP, Petition (M.D. Fla. Oct. 19, 2009).  On October 20, 2009, the district court construed the petition as a § 2255 motion and denied it as time-barred.  Strickland v. United States, Case No. 8:06-cr-443-T-26MAP, Order (M.D. Fla. Oct. 20, 2009).

On August 2, 2010, Petitioner filed a § 2255 motion, raising the same claims he raised in his petition for extraordinary writ, which the district court had construed as a § 2255 motion.  *See* Strickland v. United States, Case No. 8:10-cv-1713-T-26MAP, Motion (M.D. Fla. Aug. 2, 2010).  On August 3, 2010, the district court dismissed the motion as successive and time-barred. *See Id.*, Order (M.D. Fla. Aug. 3, 2010).

On December 1, 2010, Petitioner filed a habeas petition under § 2241 in this court, challenging his ACCA sentence on constitutional grounds.  *See* Strickland v. Augustine, Case No. 5:10-cv-310-RS-EMT, Petition (N.D. Fla. Dec. 1, 2010).  Petitioner voluntarily dismissed his petition on November 23, 2011, and the court dismissed the case on January 5, 2012.  *See Id.*, Order (N.D. Fla. Jan. 5, 2012).

On June 22, 2012, Petitioner filed another motion for a § 3582 sentence reduction in the Middle District.  *See* Strickland v. United States, Case No. 8:06-cr-443-T-26MAP, Motion (M.D. Fla. June 22, 2012).  On September 5, 2012, the district court denied the motion on the ground that Petitioner was not eligible for a sentence reduction, because he was properly classified as a career offender.  *See Id.*, Order (M.D. Fla. Sept. 5 2012).  Petitioner appealed the decision to the Eleventh Circuit, Case No. 12-14848, and that appeal is still pending.

On July 16, 2012, Petitioner filed another § 2255 motion in the Middle District, claiming that the sentencing court lacked jurisdiction to impose the ACCA enhancement.  *See* Strickland v. United States, Case No. 8:12-cv-1576-T-26MAP, Motion (M.D. Fla. July 16, 2012).  The district court dismissed the motion as successive and time-barred on July 18, 2012. *See Id.*, Order (M.D. Fla. July 18, 2012).

On September 26, 2012, Petitioner filed in the Eleventh Circuit an application for leave to file a successive § 2255 motion.  *See* In re: Joseph Strickland, No. 12-14968, Application (11th Cir. Sept. 26, 2012).  On October 5, 2012, the Eleventh Circuit denied Petitioner's application on the ground

that he failed to make a prima facie showing of the existence of either of the grounds set forth in §

2255(h).[4]  *See Id.*, Order (11th Cir. Oct. 5, 2012).

On February 22, 2013, Petitioner filed in the Eleventh Circuit another application for leave

to file a successive § 2255 motion.  *See* In re:  Joseph Strickland, No. 13-10785, Application (11th

Cir. Feb. 22, 2013).   On March 20, 2013, the Eleventh Circuit denied Petitioner's application as

"unnecessary," on the ground that his proposed § 2255 motion could not be considered successive,

because the district court for the Middle District failed to give Petitioner the warnings required by

Castro v. United States, 540 U.S. 375, 124 S. Ct. 786, 157 L. Ed. 2d 778 (2003) when it

recharacterized his first two petitions for extraordinary writs as § 2255 motions; therefore, his post-

conviction filings in the district court could not render a new § 2255 motion second or successive.

*See Id.*, Order (11th Cir. Mar. 20, 2013).

Petitioner did not attempt to file a new § 2255 motion in the Middle District; instead, he filed

a Rule 60(b) motion seeking relief from the court's August 11, 2009 order, which construed his first

petition for extraordinary writ as a § 2255 motion, without providing Castro warnings.  *See* Strickland

v. United States, Case No. 8:06-cr-443-T-26MAP, Motion (M.D. Fla. Mar. 25, 2013).  On March 26,

2013, the district court denied the Rule 60(b) motion on the ground that any Castro error had been

cured when Petitioner filed two properly styled § 2255 motions on August 2, 2010, and July 16, 2012,

respectively, and the court determined both of them were time-barred.  *See Id.*, Order (M.D. Fla. Mar.

26, 2013).

Petitioner then filed a second § 2241 petition in this court on April 3, 2013, challenging the

ACCA enhancement.  *See* Strickland v. United States, Case No. 5:13-cv-101-RS-EMT, Petition (N.D.

---

[4] Section 2255(h) authorizes the filing of a second or successive § 2255 motion only if the Eleventh Circuit
certifies that the second or successive motion contains a claim involving:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would
be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have
found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme
Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Case No:  5:13cv248/RS/EMT

Fla. Apr. 5, 2013).  As discussed *supra*, the court dismissed the case for lack of jurisdiction on July 15, 2013.  *See Id.*, Order (N.D. Fla. July 15, 2013).  He also filed  in the Eleventh Circuit two more applications for leave to file a successive § 2255 motion.  *See* In re:  Joseph Strickland, No. 13-11952, Application (11th Cir. May 1, 2013) and In re: Joseph Strickland, No. 13-13230, Application (11th Cir. July 17, 2013).  The Eleventh Circuit denied both of those applications on the ground that Petitioner failed to make a prima facie showing of the existence of either of the grounds set forth in § 2255(h).  *See* In re:  Joseph Strickland, No. 13-11952, Order (11th Cir. May 24, 2013) and In re:  Joseph Strickland, No. 13-13230, Order (11th Cir. July 30, 2013).

　　　In the meantime, Petitioner filed the instant petition on July 8, 2013 (doc. 1).  In his amended petition and supplements thereto he raises the following claims:

> Ground one:  Actual innocence of the ACCA.  Polite v. State, SC0601401 decided by the Florida Supreme Court rendered the statute of 843.01 ambiguous along with the elements, thus the categorical approach could not establish that the offense was a violent felony under the ACCA.

> Ground two:  Constitution [sic] error in applying the ACCA.  Of the (3) judgement [sic] of conviction forms, 2 of the forms had the same dates thus not establishing the offenses were committed on occasions different from one another.  The plea agreement and indictment also had the same dates.

> Ground three:  Constitutional error in applying ACCA in using a P.S.R.  A P.S.R. is not a Shepard approved document and is not an authorized source for an ACCA predicate and implicates the Shepard plurality's Sixth Amendment concerns by conducting judicial fact-finding.

> Ground four:  Sentence exceed [sic] the statutory maximum.  The sentence as to Count One exceeded the statutory maximum because the ACCA was inapplicable and entered in violation of Defendant's constitutional rights under the Sixth Amendment.

(docs. 6, 7, 8).

## II.　　ANALYSIS

　　　The power to issue the writ of habeas corpus was granted to the federal courts by the Judiciary Act of 1789.  *See* United States v. Hayman, 342 U.S. 205, 211, 72 S. Ct. 263, 96 L. Ed. 232 (1952).

The habeas remedy is now codified in § 2241, subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." As noted in <u>Hayman</u>, habeas corpus applications are required to be brought in the district of confinement. 342 U.S. at 213.

Because courts which had federal prisons within their jurisdictional boundaries became inundated with habeas petitions, and because the materials, witnesses, and other evidence which had a significant bearing on the determination of the legality of a sentence were generally located in the district where sentence was imposed rather than where the prisoner was confined, in 1948 Congress enacted § 2255 of title 28. *See* <u>Hayman</u>, 342 U.S. at 212–14, 218; *see also* <u>Wofford v. Scott</u>, 177 F.3d 1236, 1239 (11th Cir. 1999). The language of § 2255 suggests, and the Eleventh Circuit has expressly concluded, that this statute was intended to channel challenges to the legality of the conviction and imposition of sentence, while leaving § 2241 available to challenge the continuation or execution of an initially valid confinement. *See* <u>Antonelli v. Warden, U.S.P. Atlanta</u>, 542 F.3d 1348, 1351–52 (11th Cir. 2008); <u>United States v. Jordan</u>, 915 F.2d 622, 629 (11th Cir. 1990) (§ 2255 is primary method of collateral attack on federally imposed sentence); <u>Broussard v. Lippman</u>, 643 F.2d 1131, 1134 (5th Cir. 1981) (attacks on the underlying validity of a conviction must be brought under 28 U.S.C. § 2255, not 28 U.S.C. § 2241).[5] Thus, § 2241 provides an avenue for challenges to matters such as the administration of parole, prison disciplinary actions, prison transfers, and certain types of detention. *See* <u>Antonelli</u>, *supra* (petition challenging decision of federal Parole Commission is properly brought pursuant to § 2241); <u>Thomas v. Crosby</u>, 371 F.3d 782, 810 (11th Cir. 2004) (petition challenging pre-trial detention is properly brought pursuant to § 2241); <u>Bishop v. Reno</u>, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons's administration of service credits, including calculating, awarding, and withholding, involves execution rather than imposition of sentence; thus it is a matter for habeas corpus review). A collateral attack on the validity of a federal conviction and sentence, is properly brought under 28 U.S.C. § 2255 in the district of conviction. <u>Antonelli</u>, *supra*; <u>Jordan</u>, *supra*; <u>McGhee v. Hanberry</u>, 604 F.2d 9, 10 (5th Cir. 1979).

---

[5] Decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to September 30, 1981 are binding as precedent on the Eleventh Circuit. <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1207 (11th Cir. 1981).

A defendant may not circumvent the procedural limitations on § 2255 motions simply by styling his motion as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

> Title 28 U.S.C. § 2255(e) provides in pertinent part:
>
> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added); Wofford, 177 F.3d at 1238 (quoting § 2255 with added emphasis).  The italicized language is known as the "savings clause."  The savings clause imposes a subject-matter jurisdictional limit on § 2241 habeas petitions.  *See* Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1338–40 (11th Cir. 2013).

As the Eleventh Circuit noted in Williams, § 2255(e) says "precious little" about what it means for the original § 2255 motion to have been "inadequate" or "ineffective."  713 F.3d at 1341.  In Williams, the § 2241 petitioner raised the same type of sentencing claim that Petitioner raises here, that is, he was not properly subject to the ACCA enhancement that led to a sentence in excess of the otherwise applicable ten-year statutory maximum.[6]  *Id.* at 1337.  The Eleventh Circuit held that its earlier decision in Wofford applied to Williams' attempt to pass through the savings clause.  *Id.* at 1341–44 (citing Wofford, 177 F.3d at 1237–38, 1242–45).  The Williams court interpreted Wofford as establishing two necessary conditions for a sentencing claim to pass muster under the savings clause:

> First, the claim must be based upon a retroactively applicable Supreme Court decision.  The second, and equally essential, condition is that the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion.

*Id.* at 1343 (citing Wofford, 177 F.3d at 1245).  Even then, the Eleventh Circuit expressly refused to say whether such a showing would be sufficient to open the portal to § 2241.  *Id.* ("Wofford's holding establishes two necessary conditions—although it does not go so far as holding them to be

---

[6] Williams specifically argued that two of his prior state convictions did not qualify as violent felonies under the ACCA.  713 F.3d at 1344.

sufficient—for a sentencing claim to pass muster under the savings clause."). The <u>Williams</u> court determined that no Eleventh Circuit precedent "on the books" during Williams' § 2255 proceeding foreclosed his ACCA argument and rendered his § 2255 motion an ineffective test of his claim. *Id.* at 1345, 1349. Thus, the district court lacked subject matter jurisdiction to entertain his claim in a § 2241 habeas petition. *Id.* at 1349–50.

Here, Petitioner failed to establish the two necessary conditions for his sentencing claims to pass through the portal of the savings clause. Although Petitioner divides his claims into four grounds for relief, they boil down to two arguments: (1) his prior state conviction for resisting an officer with violence, a violation of Florida Statutes § 843.01, was not a "violent felony" for purposes of the ACCA, and the sentencing court improperly relied upon information in the PSR in determining that this conviction was a qualifying predicate offense under the ACCA, and (2) the judgments of conviction for two of the predicate state convictions were rendered the same day and failed to show the underlying offenses were committed on different occasions; therefore, the sentencing court erred by counting them as separate offenses for purposes of the ACCA enhancement.[7]

Petitioner's claim that his prior state conviction for resisting an officer with violence, a violation of Florida Statutes § 843.01, was not a "violent felony" for purposes of the ACCA is easily disposed of. Petitioner raised the same claim in his prior § 2241 petition in Case No. 5:13-cv-101-RS-EMT. He relies upon <u>Johnson v. United States</u>, 559 U.S. 133, 130 S. Ct. 1265, 176 L. Ed. 2d 1 (2010) as a retroactively applicable Supreme Court decision supporting his claim. In <u>Johnson</u> the Supreme Court held that the Florida felony offense of battery was not a violent felony under the "elements clause" of the ACCA, § 924(e)(2)(B)(i). 559 U.S. at 135–36. The "elements clause" defines "violence felony" as a crime that "has as an element the use, attempted use, or threatened use

---

[7] An argument could be made that Petitioner waived all of his challenges to the ACCA enhancement. The record in this case (as set forth in the attachments to the Report and Recommendation in Case No. 5:13-cv-101-RS-EMT (doc. 15)) establishes that the indictment set out the convictions underlying the ACCA enhancement, and it expressly cited the ACCA, 18 U.S.C. § 924(e). In the Plea Agreement, Petitioner stipulated to the prior state convictions and agreed to plead guilty to violating §§ 922(g)(1) and 924(e). He also agreed that Count One carried a mandatory minimum sentence of not less than fifteen (15) years of imprisonment and a maximum of life. In the sentencing memorandum filed by Petitioner's counsel, counsel conceded that the PSR properly enhanced Petitioner as both a career offender pursuant to § 4B1.1 of the USSG and an armed career criminal pursuant to 18 U.S.C. § 924(e), and that Petitioner faced a mandatory minimum term of imprisonment of fifteen (15) years under the ACCA.

of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). The Supreme Court reasoned that, "in the context of a statutory definition of 'violent felony,' the phrase 'physical force' means violent force—that is, force capable of causing physical pain or injury to another person." *Id.* at 140. Because the felony offense of battery in Florida encompassed "any intentional physical contact, 'no matter how slight,'" the Court determined that the offense did not entail the violent force necessary to fall under the ACCA's "elements clause." *Id.* at 138 (citation omitted).[8] The Court further held that while the meaning of "physical force" is a question of federal law, not state law, a federal court is bound by the state supreme court's interpretation of the elements of the underlying state statute at issue. *Id.* at 1269.

The prior conviction at issue in the instant case is a conviction for resisting an officer with violence, a violation of Florida Statutes § 843.01, not battery, which was the conviction at issue in Johnson. Further, Johnson did not overturn any Eleventh Circuit precedent on the issue of whether a violation of Florida Statutes § 843.01 fell under the ACCA's "elements clause." The only Eleventh Circuit decision that comes close to establishing precedent on that issue is United States v. Romo–Villalobos, 674 F.3d 1246 (11th Cir. 2012), *cert. denied,* — U.S. —, 133 S. Ct. 248, 184 L. Ed. 2d 132 (2012). *See* United States v. Foster, 496 F. App'x 1, 3 (11th Cir. 2012) (unpublished) (citing Romo–Villalobos as precedent dictating that a violation of Fla. Stat. § 834.01 constitutes a violent felony under the "elements clause" of the ACCA). In Romo–Villalobos, the Eleventh Circuit held that a violation of Florida Statute § 843.01 constituted a "crime of violence" under USSG § 2L1.2(b)(1)(A)(ii), because violence was a necessary element of Florida Statute § 843.01. Romo-Villalobos 674 F.3d at 1249. In reaching that conclusion, the Eleventh Circuit noted that the definition of "crime of violence" under USSG § 2L1.2(b)(1)(A)(ii) was nearly identical to the definition of "violent felony" under the "elements clause" of the ACCA. *Id.* at 1248–49; *compare* 18 U.S.C. § 924(e)(2)(B)(i), *with* USSG § 2L1.2, comment. (n.1(B)(iii)). However, Johnson did not overturn

---

[8] The Supreme Court did not consider whether the Florida felony offense of battery qualified as a violent felony under the "residual clause" of the ACCA, § 924(e)(2)(B)(ii), and declined to remand the case for that issue to be considered. Johnson, 559 U.S. at 141–43; *see also* United States v. Schneider, 681 F.3d 1273, 1282 (11th Cir. 2012) (noting that "Johnson did not construe the residual clause at all"); Rozier v. United States, 701 F.3d 681, 683 (11th Cir. 2012) (noting that the Johnson Court "explicitly refused to decide whether that offense was a crime of violence under the ACCA's residual clause").

Romo–Villalobos; indeed, it could not have, because Romo–Villalobos was decided two years after Johnson. Additionally, Johnson was decided prior to the date Petitioner filed his first § 2255 motion;[9] therefore, he could have asserted his Johnson-based claim in his motion. The fact that the district court dismissed the § 2255 motion on procedural grounds[10] did not render § 2255 "inadequate or ineffective" for purposes of the savings clause. *See* Wofford, 177 F.3d at 1244–45 (restrictions on section 2255 motions, standing alone, do not render that section "inadequate or ineffective" within the meaning of the savings clause); *see also* In re Davenport, 147 F.3d 605, 608 (7th Cir. 1998) (noting that it cannot be right and would nullify the AEDPA limitations if a prisoner, prevented from obtaining relief under § 2255, could simply turn to § 2241). Therefore, Johnson does not open the "savings clause" portal to § 2241 as to this claim.

Petitioner additionally relies upon the Supreme Court's recent decision in Descamps v. United States, — U.S. —, 133 S. Ct. 2276 (2013) to support his claim that resisting an officer with violence is not a violent felony under the ACCA.[11] The Supreme Court has clearly stated that "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." Tyler v. Cain, 533 U.S. 656, 663, 121 S. Ct. 2478, 150 L. Ed. 2d 632 (2001). The Supreme Court has not declared its decision in Descamps to be retroactively applicable on collateral review, nor has the undersigned found any cases applying Descamps retroactively to cases on

---

[9] The Supreme Court decided Johnson on March 2, 2010, and Petitioner filed his first § 2255 motion on August 2, 2010.

[10] The district court dismissed it as both untimely and successive. Although the Eleventh Circuit stated the court's successiveness determination was error, it did not determine that the court's application of § 2255's time bar was erroneous.

[11] In Descamps, the defendant was convicted of possession of a firearm by a convicted felony and sentenced under the ACCA, based in part upon his prior burglary conviction under California law. Descamps involved application of the "residual clause" of the ACCA, § 924(e)(2)(B)(ii), which defines "violent felony" as "burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The California burglary statute did not include an element of the generic crime of burglary; it did not require that a burglar "enter or remain unlawfully in a building." The Supreme Court held that federal sentencing courts may not apply the "modified categorical approach" (meaning, consulting a limited class of documents, such as indictments and jury instructions) to sentencing under ACCA's "residual clause" when the state crime of which the defendant was convicted has a single, indivisible set of elements (meaning, the statute did not contain alternative elements). 133 S. Ct. at 2281–82.

collateral review. Therefore, <u>Descamps</u> does not open the § 2241 portal to review of this claim under the savings clause of § 2255(e).[12]

With regard to Petitioner's claim that the sentencing court erred by separately counting his prior convictions rendered in the Sarasota County Circuit Court, Case Nos. 2003-CF-012973 and 2003-CF-012137, because the judgments of conviction in those cases were rendered the same day and the "<u>Shepard</u>-approved" records failed to show that the underlying offenses were committed on different occasions, Petitioner has not demonstrated that this claim is based upon a retroactively applicable Supreme Court decision. The Supreme Court decided <u>Shepard v. United States</u>, 544 U.S. 13, 125 S. Ct. 1254, 161 L. Ed. 2d 205 (2005) prior to Petitioner's initial § 2255 motion filed in 2010.[13] Further, the ACCA's statutory language requiring that the predicate offenses be "committed on occasions different from one another," *see* § 924(e)(1), was in place well before Petitioner filed his § 2255 motion. Therefore, Petitioner had an opportunity to raise this claim in his first § 2255 motion, and thus is not entitled to review of this claim under the savings clause of § 2255(e).

As a final matter, the undersigned rejects Petitioner's contention that his "actual innocence" of the ACCA sentence enhancement provides a "gateway" for review of his claims, despite his failure to satisfy the <u>Wofford</u> standard. In support of his argument, Petitioner relies upon <u>McQuiggin v. Perkins</u>, — U.S. —, 133 S. Ct. 1924, 185 L. Ed. 2d 1019 (2013), <u>Schlup v Delo</u>, 513 U.S. 298, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995), and <u>House v. Bell</u>, 547 U.S. 518, 126 S. Ct. 2064, 165 L. Ed. 2d 1 (2006). Those Supreme Court decisions recognized an "actual innocence" or "fundamental miscarriage of justice" exception to the procedural bars and statute of limitations set forth in the

---

[12] Petitioner's citations to <u>Begay v. United States</u>, 553 U.S. 137, 128 S. Ct. 1581, 170 L. Ed. 2d 490 (2008), <u>Shepard v. United States</u>, 544 U.S. 13, 125 S. Ct. 1254, 161 L. Ed. 2d 205 (2005), <u>Richardson v. United States</u>, 526 U.S. 813, 119 S. Ct. 1707, 143 L. Ed. 2d 985 (1999), and <u>Taylor v. United States</u>, 495 U.S. 575, 110 S. Ct. 2143, 109 L. Ed. 2d 607 (1990) do not open the portal to § 2241, because all those cases were decided prior to Petitioner's § 2255 motion filed August 2, 2010. Therefore, Petitioner had the opportunity to raise any claims of error based upon those precedents in his § 2255 motion. The savings clause does not cover sentence claims that could have been raised in earlier proceedings. *See* <u>Turner v. Warden Coleman FCI (Medium)</u>, 709 F.3d 1328, 1335 (11th Cir. 2012) (citing <u>Gilbert v. United States</u>, 640 F.3d 1293, 1319 (11th Cir. 2011) (en banc), *cert denied*, — U.S. — , 132 S. Ct. 1001, 181 L. Ed. 2d 743 (2012)).

[13] Petitioner also cites <u>United States v. Rodriguez</u>, 553 U.S. 377, 128 S. Ct. 1783, 170 L. Ed. 2d (2008), but, like <u>Shepard</u>, that case was also decided prior to Petitioner's filing his initial § 2255 motion in 2010.

federal habeas statutes, 28 U.S.C. §§ 2254 and 2255, and set forth the requirements for satisfying that exception. In the instant case, Petitioner faces a jurisdictional bar to review of his claims, not a procedural or time bar. In <u>Williams</u>, the Eleventh Circuit stated its view, albeit in dicta, that the "fundamental miscarriage of justice" standard was inapplicable to the savings clause. 713 F.3d at 1346. The undersigned agrees with that view and concludes Petitioner may not overcome the jurisdictional bar of § 2255(e) by claiming he is actually innocent of the sentence enhancement.

III.    CONCLUSION

Review of Petitioner's claims under § 2241 is unavailable because Petitioner challenges the validity of his sentence, not the execution thereof. Furthermore, he has not shown that his claims satisfy the conditions set forth in <u>Wofford</u>, or that § 2255 was otherwise inadequate or ineffective to test the legality of his detention. Because Petitioner is plainly not entitled to pursue the relief he seeks under § 2241, this cause should be dismissed for lack of jurisdiction.

Accordingly, it is respectfully **RECOMMENDED**:

1.      That the amended petition for writ of habeas corpus and addendums/supplements thereto (docs. 6, 7, 8, 9), filed under 28 U.S.C. § 2241, be **DISMISSED with prejudice**.

2.      That the clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida this 12<u>th</u> day of August 2013.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**

Case No: 5:13cv248/RS/EMT